**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **KENNETH RUMPH**,<br><br>    Plaintiff,<br><br>v.<br><br>**JONES SEPTIC TANK, INC.,
RODERICK B. JONES, and
RODERICK H. JONES**<br><br>    Defendants. | Civil Action No. 7:19-CV-85 (HL) |

**ORDER**

Before the Court is the parties' Joint Motion to Approve Settlement Agreements and to Dismiss Case with Prejudice. (Doc. 29). Plaintiffs Kenneth Rumph, Dondy Brontzman, Juan Gomez, Emanuel Adams, and J.P. Hill have proposed a settlement agreement with Defendants Jones Septic Tank, Inc., Roderick B. Jones, and Roderick H. Jones. (Docs. 29-2, 29-3, 29-4, 29-5, 29-6).[1] Plaintiffs are current and former employees of Defendants. The parties' proposed settlement agreement seeks to resolve Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201, *et seq.* Plaintiffs allege that Defendants failed to pay their overtime wages. (Doc. 29-1).

---

[1] Plaintiff Rumph filed his Complaint as a collective action suit against Defendants. (Doc. 1). Defendants consented to class certification (Docs. 20, 24), and Plaintiffs Brontzman, Gomez, Adams, and Hill opted into the suit. (Docs. 6, 12, 25, 26).

## I. Discussion

Section 207 of the FLSA requires employers to pay their employees one and a half times their regular hourly rate for hours the employees work overtime, exceeding the standard forty-hour workweek. 29 U.S.C. § 207. If employers violate this provision, employees may sue to recover their unpaid overtime wages. 29 U.S.C. § 216(b). The FLSA allows plaintiff-employees and defendant-employers to enter into negotiated settlement agreements to resolve claims for unpaid wages. *Id.* Congress recognized, however, that "there are often great inequalities in bargaining power between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Consequently, the Act's provisions require judicial review and approval of such settlement agreements. *Id.* at 1353.

Before a district court can enter the parties' "stipulated judgment," it must first "scrutiniz[e] the settlement for fairness." *Id.* Courts must evaluate whether the negotiation process and resulting settlement agreement are fair and reasonable to the plaintiff. *Id.* at 1355. Judicial scrutiny is not limited to the plaintiff's award. Courts must also review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the proposed settlement agreement reflects "a fair and reasonable resolution of a

2

bona fide dispute," a court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354, 1355.

### A. Damages Award

The FLSA instructs that employees not paid overtime wages receive damages in the amount of their unpaid overtime compensation, plus an additional, equal amount of liquidated damages. 29 U.S.C. § 216(b). The Supreme Court wrote nearly seventy-five years ago that the FLSA's primary purpose is "to aid the unprotected, unorganized and lowest paid of the nation's working population." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945). The liquidated damages clause enforces the Act's purpose; it deters employers from exploiting their employees by threating additional damages. *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 804 (11th Cir. 2015) ("[T]he FLSA has a deterrent purpose."); *Brooklyn Sav. Bank*, 324 U.S. at 710 ("[T]hat [employers] cannot escape liability for liquidated damages . . . tends to insure compliance."). An employer's good faith is the only exception to liquidated damages. 29 U.S.C. § 260; *Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory absent a showing of good faith.").

Having reviewed the parties' joint motion and corresponding settlement agreements, the Court concludes that the Plaintiffs' award reflects a reasonable compromise over the issues. Procedural safeguards ensured that the inherent

"inequalities in bargaining power between employers and employees" did not taint their negotiation process. *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. Plaintiff Rumph initiated suit, and the parties resolved Plaintiffs' claims within an adversarial context. *See id.* at 1354 (emphasizing that the "adversarial context" produces fair settlement agreements). Plaintiffs were represented by counsel experienced in FLSA litigation at every stage of this dispute. *See id.* (finding that settlements are more likely to be fair when employees are "represented by an attorney who can protect their rights under the statute"); (Doc. 30-1). Plaintiffs' counsel filed the Complaint, reviewed discovery, and participated in mediation and settlement discussions. (Doc. 29-1). Mediation provided neutral oversight for their negotiations.

The parties also represent that under the terms of the settlement, Plaintiffs will receive amounts higher than the wages they claim to be owed. (*Id.* at p. 7). Furthermore, "Plaintiffs have been fully appr[ised] of the amount of damages and liquidated damages that they could potentially recover if they were to prevail at trial." (*Id.*). Counsel advised Plaintiffs of the risks of trial, including their potential recovery should Defendants' legal arguments succeed. (*Id.*). With this information, "Plaintiffs have voluntarily chosen to enter into the Settlement Agreements." (*Id.*). Nothing before the Court suggests undue influence by the defendants-employers that could undermine the settlement's fairness. The Court,

thus, has no reason to believe the parties arrived at the settlement's unpaid wages award by means other than fairness.

The settlement agreement awards Plaintiffs an additional, equal amount of liquidated damages. (*Id.* at p. 5). This figure, of course, is fair because it is the full payment required by statute. 29 U.S.C. § 216(b). The Court accepts the parties' stipulated settlement agreement to the extent of the Plaintiffs' award.

### B. Attorney's Fee Award

For successful plaintiffs, the district court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* "The language of the statute contemplates that the wronged employee should receive his full wages plus the [liquidated damages] penalty without incurring any expense for legal fees or costs." *Silva*, 307 F. App'x at 351 (quotation marks and citation omitted). The Court must "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.*

That a plaintiff may have consented to a fee agreement does not relieve this Court of its duty to review an attorney's fee award for reasonableness. *See id.* ("[A] contingency contract to establish [attorney's] compensation . . . is of little moment in the context of FLSA."). The FLSA's provisions are mandatory, and parties cannot contract around its requirements. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise

5

waived . . . ." (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)). Therefore, courts evaluate the reasonableness of attorney's fees using the "lodestar approach"—regardless of any contract between plaintiffs and their counsel. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see Walker v. Iron Sushi LLC*, 752 F. App'x 910, 912–16 (11th Cir. 2018) (per curiam) (applying the lodestar approach in the FLSA context).

To calculate a lodestar figure, the Court multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Counsel seeking fees bears the burden of producing evidence of his hourly rate and time spent on the litigation. *Norman*, 836 F.2d at 1303. Once the court determines a lodestar figure, it can compare the lodestar to the requested attorney's fee award and determine whether that request is reasonable.

### 1. Reasonable Hours Expended

Plaintiffs' counsel submitted a declaration detailing his hourly rate and time expended on the matter, along with his credentials and experience resolving FLSA claims. (Doc. 30-1). He also attached a billing record verifying the work he performed. (Doc. 30-2). Counsel represents that as of August 6, 2020, he has incurred 74.20 hours of work. (*Id.*). Only one attorney represented Plaintiffs, and it appears that no duplicative billing occurred. *See Norman*, 836 F.2d at 1301–02 ("Redundant hours generally occur where more than one attorney represents a

client."). Most of counsel's billing entries represent telephone and email communications to Plaintiffs, Defendants, and Defendants' counsel. (Doc. 30-2). Counsel billed larger time blocks for work such as providing discovery disclosures and preparing for and attending mediation. (*Id.*). These tasks were necessary to resolve Plaintiffs' claims, and counsel appears to have performed them efficiently. The Court finds that the number of hours expended on this matter is reasonable.

### 2. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "[T]he relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *See Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotation marks and citation omitted).[2] Although Plaintiffs' counsel is based in Florida, the relevant legal community is the Valdosta Division of the Middle District of Georgia. Counsel initially requested a $450 hourly rate. (Doc. 30-1). Based on the Court's knowledge and experience, $450 is far above the market rate for Valdosta. *See*

---

[2] "If a fee applicant desires to recover the non-local rates . . ., he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437. Counsel has not demonstrated that local counsel was unavailable.

7

*Bullard v. 4D Foods Inc.*, No. 5:17-CV-102 (CAR), 2018 WL 7360630, at *2 (M.D. Ga. Jan. 24, 2018) (rejecting FLSA settlement and calling counsel's $350 hourly rate "high" for the Middle District of Georgia); *Bullard v. 4D Foods Inc.*, No. 5:17-CV-102 (CAR), 2018 WL 4285450, at *1 (M.D. Ga. Feb. 28, 2018) (approving settlement with attorney's fee award at $268 hourly rate). Furthermore, counsel's declaration does not aver that this case was especially difficult, presented novel legal questions, or otherwise warrants a fee higher than the Valdosta market rate. *See, e.g.*, *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (listing factors relevant to determining reasonable hourly rate).

Counsel states in his declaration that he has handled hundreds of FLSA cases, including collective actions, jury trials, and appellate proceedings. (Doc. 30). This Court recently approved a $300 hourly rate for a lawyer with commensurate FLSA experience. *Reams v. Michael Angelo Rest., Inc.*, No. 7:19-CV-53 (HL), 2019 WL 6898656, at *4 (M.D. Ga. Dec. 18, 2019). Counsel presents no evidence regarding a market rate in this district. *See Norman*, 836 F.2d at 1300 ("The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."). He provides only a range of rates that he has received in prior cases, and according to the Eleventh Circuit, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.*

On October 5, 2020, the Court held a telephone conference to express its concerns regarding the fairness of the attorney's fee award. (Doc. 32). The Court told Plaintiffs' counsel to submit additional evidence to justify his requested $450 hourly rate. (*Id.*). Counsel filed a brief claiming that his requested hourly rate for the FLSA action is actually $334.83 because the proposed attorney's fee award also encompasses payment for his work resolving a real estate dispute between Plaintiff Brontzman and Defendants. (Doc. 33, p. 3); (Doc. 29-3). Counsel represents that he charged Plaintiff Brontzman $4,500 for his representation in the dispute. (*Id.*). He submits that the Court should deduct $4,500 from its consideration of the proposed attorney's fee award because it is unrelated to Plaintiff Brontzman's FLSA claim. (*Id.*).

The Court agrees that funds attributable to Plaintiff Brontzman's unrelated claims do not require this Court's scrutiny under FLSA's provisions. An hourly rate of $334.83 is reasonable in this district. As mentioned above, the Court recently approved a $300 rate, and counsel's representation of a class of five plaintiffs warrants a slightly higher rate.

### 3. Lodestar Calculation

Having decided on a reasonable hourly rate and number of hours expended, the Court now calculates the lodestar figure. Multiplying counsel's hourly rate of $334.83 by his 74.20 hours expended equals a lodestar figure of $24,844.38. Additionally, counsel has incurred costs and expenses totaling

$2,666.90. (Doc. 30-3). Those costs and expenses are reasonable because the bulk of the sum is attributable to mediation and the requisite filing fee. Adding these figures together, a reasonable attorney's fees award, including costs and expenses is $27,511.28.

The settlement agreement compensates counsel $26,774.66[3] including fees and costs. (Doc. 30-1, p. 11). There is a "strong presumption that the lodestar figure . . . represents a reasonable fee." *See Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564–65 (1986). Because the settlement agreement awards counsel a fee just below the lodestar figure, the Court finds that the proposed attorney's fees award is reasonable.

## II. CONCLUSION

Having considered both the proposed Plaintiffs' award and attorney's fees award, the Court approves the parties' settlement agreement. Accordingly, the Joint Motion to Approve Settlement Agreement is **GRANTED**. (Doc. 29). Plaintiffs' Complaint is **DISMISSED**. (Doc. 1). Plaintiffs' Motion for Status Conference is **DENIED as moot**. (Doc. 34).

**SO ORDERED**, this 2nd day of February, 2021.

*s/ Hugh Lawson*
kac    **HUGH LAWSON, SENIOR JUDGE**

---

[3] The terms of the settlement agreement award Plaintiff's counsel $31,274.66. (Doc. 30-1, p. 11). The Court deducted $4,500 from this figure because as discussed above it is not subject to the Court's scrutiny under the FLSA.

10